UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Melissa Bauer, et al., ) | |
| ) | |
| Plaintiffs, ) | Court File No. 4:08-CV-16 ERW |
| ) | |
| v. ) | |
| ) | |
| Regency Corporation ) | |
| d/b/a Regency Beauty Institute, ) | **JOINT MOTION FOR** |
| ) | **PROTECTIVE ORDER** |
| Defendant. ) | |
| ) | |

By their respective undersigned counsel, the Parties to the above-captioned action jointly request an Order by this Court entering the attached Stipulation as a Protective Order of the Court.

The undersigned counsel respectfully submit that good cause exists for a Protective Order in this case. The Plaintiffs to this case are former students of the Defendant Regency Beauty Institute. The discovery sought by the Plaintiffs includes confidential student records, as well as certain documents that the Defendant believes constitute protectable trade secrets or other confidential information. In order that these documents are protected from unauthorized disclosure and use, the parties have agreed to the attached Stipulation and respectfully request

that the Court enter it as a Protective Order.

                                       Respectfully submitted,

Dated: February 4, 2009      By:   /s/ James E. Parrot
                                              James E. Parrot
                                              Law Office of James E. Parrot
                                              1221 Locust St., Ste. 1000
                                              St. Louis, MO 63103
                                              314.621.4100 (telephone)
                                              314.621.4122 (facsimile)
                                              parrotlaw@sbcglobal.net

                                              **Attorney for the Plaintiffs**


Dated: February 4, 2009      By:   /s/ Joseph M. Sokolowski
                                              Joseph M. Sokolowski (MN #178366)
                                              Ellen C. Meyer (MN#387348)
                                              Christina A. Spencer (MN#387931)
                                              **FREDRIKSON & BYRON, P.A.**
                                              200 South Sixth Street, Ste 4000
                                              Minneapolis, MN 55402-1425
                                              612.492.7000 (telephone)
                                              612.492.7077 (facsimile)
                                              jsokolowski@fredlaw.com
                                              emeyer@fredlaw.com
                                              cspencer@fredlaw.com

                                        AND

                                              Eric M. Trelz (#4569)
                                              **POLSINELLI SHALTON FLANIGAN SUELTHAUS PC**
                                              7733 Forsyth Boulevard, 12th Floor
                                              Clayton, MO 63105
                                              314.727.7676 (telephone)
                                              314.727.7166 (facsimile)
                                              ETrelz@Polsinelli.com

                                              **Attorneys for the Defendant, REGENCY CORPORATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Melissa Bauer, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Regency Corporation )<br>d/b/a Regency Beauty Institute, )<br>)<br>Defendant. )<br>) | Court File No. 4:08-CV-16 ERW<br><br>**STIPULATION &**<br><br>**PROTECTIVE ORDER** |

**WHEREAS**, certain records, documents, and information produced or provided by the Plaintiffs and the Defendant (jointly, the "Parties") during the course of this action pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure, whether in response to a request for production of documents, interrogatory, or any other discovery request, may be deemed to contain confidential information;

**WHEREAS**, the Parties desire to avoid the misuse of confidential information by opposing parties and third parties;

**NOW THEREFORE**, it is hereby stipulated and agreed as follows:

1. The terms of this Stipulation and Protective Order ("Stipulation") shall apply to all Discovery Material, as defined below, which is disclosed to the Parties or the Court in the course of litigation of this matter.

2. "Discovery Material" includes any and all answers to interrogatories; responses to document requests and the produced documents; replies to requests for admissions; documents, things or property inspected and any copies or reproductions thereof; facts relied upon by experts; expert opinions, reports, and interrogatories; deposition testimony, transcripts and

exhibits, including exhibits that are withdrawn or otherwise not made a part of the record; physical or mental examinations and reports; any other documents or information produced in accordance with Rules 26 through 37 of the Federal Rules of Civil Procedure; and any notes, reproductions, and summaries thereof.

3. "Confidential Information" means any information which a Party believes in good faith to be a trade secret or other confidential information. A Party may designate any Discovery Material that the Party produces as Confidential Information by placing the word "CONFIDENTIAL" on any original or disclosed copy of the designated Discovery Material.

4. If a Party inadvertently produces or provides discovery of any Confidential Information without designating, labeling, or marking it with the appropriate designation, the producing Party may give written notice to the receiving Party that the document or other information is Confidential Information and should be treated in accordance with the provisions of this Stipulation. The receiving Party must treat such documents and information as Confidential Information from the date that such notice is received. Disclosure of such documents and information prior to receipt of such notice to a person not authorized to receive Confidential Information shall not be deemed a violation of this Stipulation; however, those persons to whom disclosure was made are to be (a) advised that the material disclosed is Confidential Information and is subject to this Stipulation, and (b) requested either to return the Confidential Information or, alternatively, to execute an agreement in the form attached hereto as Exhibit A before further review or use of the Confidential Information. All Parties agree to take any and all steps necessary to retain the confidentiality of Confidential Information as defined in this Stipulation. Disputes over the necessity of a proposed reparation shall be submitted to the Court for its consideration.

5. Confidential Information which is disclosed at a deposition must be designated by the disclosing Party as such by indicating the designation on the record at the deposition, or in writing to all counsel within ten (10) business days following receipt of the deposition transcript by the counsel so designating.

6. Counsel shall have the right to object in writing to the designation of any Discovery Material as Confidential Information within five (5) business days of such designation. Any objection not made within this deadline shall be deemed waived. In the event a Party objects to the designation of any Discovery Material as Confidential Information, the Parties shall confer within five (5) business days of the designation in an effort to resolve their dispute. If by said conference the Parties are unable to resolve their disagreement, the Party seeking the Confidential Information designation shall serve a notice of motion and motion for a protective order within ten (10) business days of the conference or such designation shall be deemed waived. The burden of proof shall rest on the Party seeking the designation of any Discovery Material as Confidential Information to prove the necessity of the designation.

7. Each Party agrees that by receiving Discovery Material designated by another party to be Confidential Information and otherwise abiding by the terms of this Stipulation in its handling of said Discovery Material, it shall not be deemed to have agreed that said Discovery Material is a trade secret as a matter of law, nor shall it be deemed to have waived any argument that said Discovery Material is a trade secret as a matter of law.

8. The designation of Discovery Material as Confidential Information means that the protected Confidential Information, the contents of any protected Discovery Material, and any information derived therefrom, shall be used only for the purposes of this action, shall not be used or disclosed for any business purpose or any other purpose, and shall not be disclosed to or discussed with any person or entity except as permitted by this Order.

9. Discovery Material designated as Confidential Information, including any and all copies of such Discovery Material and all information contained therein or derived therefrom, shall only be disclosed to or discussed with the following:

a. Counsel of record for the Parties in this action, in-house or outside counsel of the Parties, members of their firms, associate attorneys, paralegal, clerical, and other regular employees of counsel;

b. Parties, their representatives, agents, and employees as necessary to provide assistance for the preparation and trial of this action;

c. The Court, Court personnel, any designated mediator(s) and arbitrator(s), court reporters, and stenographic reporters engaged by the Parties for any deposition in this action; and

d. Witnesses called to testify either at trial or deposition, and consultants and experts consulted by a party in connection with this action; provided, however, that all such witnesses, consultants, and experts shall be required, as a condition of disclosure, to maintain the confidentiality of such Discovery Material and to execute an agreement in the form attached hereto as Exhibit A. Counsel for the Parties shall maintain a litigation file containing all such executed agreements. No party shall be responsible or liable for the failure by any third party, including a witness, consultant, or expert, to abide by the terms of his or her agreement as executed.

10. The Parties expressly agree that the Plaintiffs' student records shall be designated Confidential Information and that the disclosure or discussion of those records by and between the Plaintiffs for purposes related to this action shall not be a violation of this Stipulation.

11. No summary or copy of any Discovery Material which has been designated Confidential Information shall be made by any person, other than at the express direction of the attorney to whom disclosure was first made. Any such summary or copy shall be subject to the

terms of this Stipulation to the same extent as the Discovery Material from which such summary or copy is made.

12. If Discovery Material which has been designated as Confidential Information, including portions of deposition transcripts, is to be included in any papers filed with the Court, such papers shall be filed in sealed envelopes on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "Subject to Protective Order" and a statement in substantially the following form:

### CONFIDENTIAL INFORMATION

This envelope contains documents, deposition transcripts, or information which has been designated as confidential and is not to be opened and its contents are not to be disclosed to any person other than authorized Court personnel or counsel of record, except by Order of the Court or upon stipulation of the Parties.

13. Nothing herein shall be deemed to restrict in any manner the use by any party of its own Discovery Materials. A Party's use of its own Discovery Materials in a manner consistent with this Stipulation shall not waive any designation of such Discovery Materials as Confidential Information.

14. Prior to an evidentiary hearing or trial, counsel for both Parties shall seek to reach agreement on the handling of information and documents covered by this Stipulation at trial so as to provide protection against public disclosure without infringing on the rights of the Parties to present any evidence they deem necessary at such hearing or trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for its consideration.

15. After the final adjudication or settlement of all claims in this case, counsel for the Parties shall ensure that all Discovery Material designated as Confidential Information is stored in secured files; provided, however, that upon a written request from opposing counsel, counsel shall return or destroy Confidential Information that was originally produced to it by said opposing Party (including all copies of Discovery Materials so designated, and all information and notes derived

from them) as requested. Any such request must specifically enumerate the Confidential Information to be returned or destroyed, and it must be made within sixty (60) days after the final adjudication or settlement.

16. Nothing herein shall affect the right of any Party to seek additional protection against the disclosure of any documents or information.

17. Any Party may apply to this Court at any time, upon proper notice, for a modification of this Stipulation with respect to the handling or designation of any Discovery Material for any other purpose.

18. Nothing in this Stipulation shall bar or otherwise restrict counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any documents, things, or information designated Confidential Information.

Dated: February 3, 2009         By:    /s/ James E. Parrot
                                       James E. Parrot
                                       Law Office of James E. Parrot
                                       1221 Locust St., Ste. 1000
                                       St. Louis, MO 63103
                                       314.621.4100 (telephone)
                                       314.621.4122 (facsimile)
                                       parrotlaw@sbcglobal.net

                                       **Attorney for the Plaintiffs**

Dated: February 3, 2009     By:   /s/ Joseph M. Sokolowski
                                  Joseph M. Sokolowski (MN #178366)
                                  Ellen C. Meyer (MN#387348)
                                  Christina A. Spencer (MN#387931)
                                  **FREDRIKSON & BYRON, P.A.**
                                  200 South Sixth Street, Ste 4000
                                  Minneapolis, MN 55402-1425
                                  612.492.7000 (telephone)
                                  612.492.7077 (facsimile)
                                  jsokolowski@fredlaw.com
                                  emeyer@fredlaw.com
                                  cspencer@fredlaw.com

                            AND

                                  Eric M. Trelz (#4569)
                                  **POLSINELLI SHALTON FLANIGAN SUELTHAUS PC**
                                  7733 Forsyth Boulevard, 12th Floor
                                  Clayton, MO 63105
                                  314.727.7676 (telephone)
                                  314.727.7166 (facsimile)
                                  ETrelz@Polsinelli.com

                                  **Attorneys for the Defendant,
                                  REGENCY CORPORATION**

## ORDER

Based upon the foregoing Stipulation, **IT IS HEREBY ORDERED** that the terms of the Parties' Stipulation are approved and entered as an Order of this Court.

Dated: *February 5, 2009*

BY THE COURT:

*E. Richard Webber*

Honorable E. Richard Webber
United States District Judge